UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| WILBERT CRUZRIVERA, | ) | CIV. 11-5001-JLV |
| | ) | |
|     Plaintiff, | ) | |
| | ) | JUDGMENT OF DISMISSAL |
| vs. | ) | |
| | ) | |
| NATIONAL AMERICAN UNIVERSITY, | ) | |
| | ) | |
|     Defendant. | ) | |

    Plaintiff Wilbert Cruzrivera, appearing pro se, filed a complaint alleging he is entitled to federal financial student aid in accordance with 20 U.S.C. § 1091. (Docket 1). He further alleges he was denied access to those federal loan programs on the basis of ethnicity. Id. The Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, is made applicable to the United States Department of Education and all federal student loan programs through 34 C.F.R. Part 100 *et seq.* 42 U.S.C. § 2000d-1; see also 34 C.F.R. §§ 100.1-100.3.

    In the event of an allegation of discrimination, the regulations provide a course of investigation which must first be implemented by the aggrieved student. 34 C.F.R. § 100.7(b). Once a complaint is filed, the appropriate department official is required to conduct a prompt investigation. Id. at § 100.7(c). Only after the Department of Education has concluded its investigation is a complainant entitled to bring the matter to federal district

court for judicial review.  Id. at § 100.11; see also 42 U.S.C. § 2000d-2 ("Any department or agency action taken pursuant to section 2000d-1 of this title shall be subject to such judicial review as may otherwise be provided by law for similar action taken by such department or agency on other grounds.").

While it appears from plaintiff's complaint he has attempted to communicate his objections to defendant, there is no allegation he has attempted communication with the Federal Student Aid Information Center, which is made available to a concerned student by the very language of the student financial aid application form.  (Docket 1-1, p. 5).  It appears plaintiff has not complied with the requirements of the Department of Education regulations concerning an allegation of discrimination.  34 C.F.R. § 100.7(b).

Failure to exhaust administrative remedies deprives this court of jurisdiction to consider plaintiff's complaint.  See Calico Trailer Manufacturing Co. v. Insurance Company of North America, 155 F.3d 976, 978 (8th Cir. 1998) ("Where relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the courts; and until that recourse is exhausted, suit is premature and must be dismissed.") (citing Reiter v. Cooper, 507 U.S. 258, 269 (1993)).  "Consistent with exhaustion principles . . . the dismissal [should] be without prejudice . . . ." Id.

Accordingly, it is hereby

ORDERED, ADJUDGED, AND DECREED that plaintiff's complaint (Docket 1) is dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion to proceed without prepayment of fees or costs (Docket 3) is denied as moot.

IT IS FURTHER ORDERED that plaintiff's motion for a telephonic hearing (Docket 4) is denied as moot.

Dated January 12, 2011.

                BY THE COURT:

                /s/ *Jeffrey L. Viken*
                JEFFREY L. VIKEN
                UNITED STATES DISTRICT JUDGE